**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MATHEW PATERNO,**

    **Plaintiff,**

v.                                                            **Case No:**

**NAVY FEDERAL FINANCIAL**
**GROUP, LLC d/b/a NAVY FEDERAL**      **DEMAND FOR JURY TRIAL**
**CREDIT UNION,**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **MATHEW PATERNO** ("Mr. Paterno" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **NAVY FEDERAL FINANCIAL GROUP, LLC d/b/a NAVY FEDERAL CREDIT UNION** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Mr. Paterno's Cellular Telephone after Mr. Paterno

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Paterno v. Navy Federal Financial Group, LLC d/b/a Navy Federal Credit Union*
Page **1** of **11**

demanded that Defendant stop calling his Cellular Telephone and by continuing to contact Mr. Paterno directly despite having actual knowledge that Mr. Paterno was represented by counsel, which can reasonably be expected to harass Mr. Paterno.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiff, Mr. Paterno, was and is a natural person and, at all times material hereto, is an adult, a resident of Manatee County, Florida, a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Mr. Paterno is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 941-***-8378 ("Mr. Paterno's Cellular Telephone").

6. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of Virginia, and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Paterno v. Navy Federal Financial Group, LLC d/b/a Navy Federal Credit Union*
Page **2** of **11**

### *Statements of Fact*

7. Mr. Paterno opened a credit card account for personal, household, or family purposes with Defendant that was assigned a unique account number under Mr. Paterno's name ("Account").

8. Sometime thereafter, Mr. Paterno encountered financial difficulties and fell behind on his payments towards the Account and incurred an alleged outstanding balance owed thereunder ("Debt").

9. In or around early 2019, Defendant began placing calls to Mr. Paterno's Cellular Telephone in attempts to collect the Debt.

10. Mr. Paterno spoke with Defendant in early April of 2019 and told Defendant that he had retained counsel with respect to the Debt and that all communication was to be forwarded to his attorney and demanded Defendant stop calling his Cellular Telephone.

11. On or around April 16, 2019, Mr. Paterno's attorney also sent Defendant a letter that notified Defendant again that Mr. Paterno was represented by counsel with respect to the Debt, provided Mr. Paterno's attorney contact information, and advised that all contact should be directed to Mr. Paterno's attorney and not Mr. Paterno ("Cease Letter").

12. On or around April 24, 2019, Defendant sent a letter to Mr. Paterno's attorney confirming receipt of the Cease Letter and stated that it will no longer contact Mr. Paterno directly.  *See* **Exhibit A.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Paterno v. Navy Federal Financial Group, LLC d/b/a Navy Federal Credit Union*
Page **3** of **11**

13. Despite Mr. Paterno's demand over the phone to Defendant and the Cease Letter sent by Mr. Paterno's attorney to Defendant, along with Plaintiff's confirmed receipt of the same, Defendant continued to place calls directly to Mr. Paterno's Cellular Telephone in attempts to collect the Debt.

14. For example, on or around April 18, 2019, Defendant called Mr. Paterno's Cellular Telephone directly in attempts to collect the Debt.

15. Again, Mr. Paterno told Defendant that he was represented by counsel and demanded that Defendant stop calling his Cellular Telephone.

16. Despite Mr. Paterno's demands and having actual knowledge that Mr. Paterno was represented by counsel, Defendant continued to directly call Mr. Paterno's Cellular Telephone.

17. The very next day, April 19, 2019, despite having actual knowledge that Mr. Paterno was represented by counsel, Defendant called Mr. Paterno's Cellular Telephone directly yet again in attempts to collect the Debt.

18. Again, on or around April 22, 2019, despite having actual knowledge that Mr. Paterno was represented by counsel and his several demands, Defendant called Mr. Paterno's Cellular Telephone directly again in attempts to collect the Debt.

19. Defendant has called Mr. Paterno's Cellular Telephone at least twenty (20) times during the time period from April of 2019 to the present date.

20. Defendant called Mr. Paterno's Cellular Telephone from several different telephone numbers, including, but not limited to: 703-255-8062.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Paterno v. Navy Federal Financial Group, LLC d/b/a Navy Federal Credit Union*
Page **4** of **11**

21. All of Defendant's calls to Mr. Paterno's Cellular Telephone were placed in an attempt to collect the Debt.

22. Defendant has harassed Mr. Paterno due to the timing and frequency of Defendant's calls.

### *Count 1: Violation of the Telephone Consumer Protection Act*

23. Mr. Paterno re-alleges paragraphs 1-22 and incorporates the same herein by reference.

24. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

25. Mr. Paterno revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message first in or around early April of 2019 and multiple times thereafter when he expressly told Defendant to stop calling him, and when Mr. Paterno's attorney sent Defendant the Cease Letter that demanded Defendant not contact Mr. Paterno directly.

26. Despite these revocations of consent, Defendant thereafter called Mr. Paterno's Cellular Telephone at least twenty (20) times.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Paterno v. Navy Federal Financial Group, LLC d/b/a Navy Federal Credit Union*
Page **5** of **11**

27. Defendant did not place any emergency calls to Mr. Paterno's Cellular Telephone.

28. Defendant willfully and knowingly placed non-emergency calls to Mr. Paterno's Cellular Telephone.

29. Mr. Paterno knew that Defendant called Mr. Paterno's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

30. Mr. Paterno knew that Defendant called Mr. Paterno's Cellular Telephone using a prerecorded voice because Defendant left Mr. Paterno at least one voicemail using a prerecorded voice.

31. Defendant used an ATDS when it placed at least one call to Mr. Paterno's Cellular Telephone.

32. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Paterno's Cellular Telephone.

33. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Paterno's Cellular Telephone.

34. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Paterno's Cellular Telephone.

35. At least one call that Defendant placed to Mr. Paterno's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Paterno v. Navy Federal Financial Group, LLC d/b/a Navy Federal Credit Union*
Page **6** of **11**

36. At least one call that Defendant placed to Mr. Paterno's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

37. At least one call that Defendant placed to Mr. Paterno's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

38. At least one call that Defendant placed to Mr. Paterno's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

39. At least one call that Defendant placed to Mr. Paterno's Cellular Telephone was made using a prerecorded voice.

40. Defendant has recorded at least one conversation with Mr. Paterno.

41. Defendant has recorded more than one conversation with Mr. Paterno.

42. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Paterno, for its financial gain.

43. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Paterno's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Paterno v. Navy Federal Financial Group, LLC d/b/a Navy Federal Credit Union*
Page **7** of **11**

44. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Paterno, despite individuals like Mr. Paterno revoking any consent that Defendant believes it may have to place such calls.

45. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Paterno's Cellular Telephone.

46. Defendant has corporate policies to abuse and harass consumers like Mr. Paterno.

47. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

48. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

49. Defendant's phone calls harmed Mr. Paterno by causing him embarrassment.

50. Defendant's phone calls harmed Mr. Paterno by causing him emotional distress.

51. Defendant's phone calls harmed Mr. Paterno by being a nuisance and causing him aggravation.

52. Defendant's phone calls harmed Mr. Paterno by causing him stress.

53. Defendant's phone calls harmed Mr. Paterno by causing him anxiety.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Paterno v. Navy Federal Financial Group, LLC d/b/a Navy Federal Credit Union*
Page **8** of **11**

54. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

55. Mr. Paterno re-alleges paragraphs 1-22 and incorporates the same herein by reference.

56. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Paterno's Cellular Telephone despite Mr. Paterno's several demands that Defendant stop calling his Cellular Telephone, and despite receipt of the Cease Letter, which can all reasonably be expected to harass Mr. Paterno.

b. Defendant violated Fla. Stat. § 559.72(18) by directly contacting Mr. Paterno after Defendant had actual

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Paterno v. Navy Federal Financial Group, LLC d/b/a Navy Federal Credit Union*
Page **9** of **11**

knowledge that Mr. Paterno was represented by an attorney with respect to such Debt.

57. As a result of the above violations of the FCCPA, Mr. Paterno has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

58. Debt Collector's actions have damaged Mr. Paterno by violating his right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Mr. Paterno is represented by counsel with respect to the Debt.

59. Defendant's phone calls harmed Mr. Paterno by causing him embarrassment.

60. Defendant's phone calls harmed Mr. Paterno by causing him emotional distress.

61. Defendant's phone calls harmed Mr. Paterno by being a nuisance and causing him aggravation.

62. Defendant's phone calls harmed Mr. Paterno by causing him stress.

63. Defendant's phone calls harmed Mr. Paterno by causing him anxiety.

64. It has been necessary for Mr. Paterno to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

65. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Paterno v. Navy Federal Financial Group, LLC d/b/a Navy Federal Credit Union*
Page **10** of 11

      b. Awarding actual damages;

      c. Awarding punitive damages;

      d. Awarding costs and attorneys' fees;

      e. Ordering an injunction preventing further wrongful contact by the Defendant; and

      f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Mathew Paterno, demands a trial by jury on all issues so triable.

Respectfully submitted this **June 27, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Paterno v. Navy Federal Financial Group, LLC d/b/a Navy Federal Credit Union*
Page **11** of **11**